IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAQUAN M. BRABHAM, | : | |
|     Petitioner | : | No. 1:22-cv-01384 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| MORRIS HOUSER, | : | |
|     Respondent | : | |

**MEMORANDUM**

This is a habeas corpus case in which Petitioner Jaquan M. Brabham ("Brabham") challenges a parole detainer imposed by the Pennsylvania Board of Probation and Parole. The Court will dismiss the petition without prejudice for failure to exhaust state court remedies.

**I.     BACKGROUND**

Brabham is currently facing charges for unlawful possession of a firearm in this district court. See United States v. Brabham, No. 1:21-cr-00342-2 (M.D. Pa. filed Nov. 3, 2021) (Wilson, J.). He has moved to dismiss Count I of the indictment and the motion is currently pending. See id., ECF No. 30. The case is currently scheduled for trial on December 5, 2022. See id., ECF No. 35. United States Magistrate Judge Susan E. Schwab denied the government's motion to detain Brabham on April 12, 2022 and ordered him released pending trial. See id., ECF No. 29 at 14. The Pennsylvania Board of Probation and Parole subsequently issued a parole detainer against Brabham because the federal charges against him constituted a violation of the terms of his parole from an earlier Pennsylvania state court case. See id. at 23; (Doc. No. 1 at 7). Brabham challenges the legality of the parole detainer through the instant petition, which he filed on August 31, 2022 and which the Court received and docketed on September 7, 2022. (Doc. No. 1 at 9.) Brabham acknowledges that he has not challenged the detainer through any other means prior to filing this petition, asserting that there are "no available avenues to seek relief"

and that there is "no appeal process." (Id. at 3.) The Court issued a thirty-day administrative order on September 7, 2022, requiring Brabham to either pay the requisite filing fee or move for leave to proceed in forma pauperis. (Doc. No. 3.) Brabham paid the filing fee on September 19, 2022. (Doc. No. 4.)

## II. BRABHAM'S PETITION IS FILED PURSUANT TO 28 U.S.C § 2254

At the outset, the Court concludes that Brabham's petition is properly construed as a petition filed pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. Section 2254 governs "application[s] for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." See 28 U.S.C. § 2254. Brabham is in custody pursuant to a Pennsylvania parole detainer, and his petition challenges the legality of that detainer. See (Doc. No. 1 at 7). Accordingly, the Court construes the petition as being brought under 28 U.S.C. § 2254 and not 28 U.S.C. § 2241.

## III. LEGAL STANDARD

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. See 28 U.S.C. § 2254 Rule 4.

## IV. DISCUSSION

Before seeking habeas corpus relief pursuant to 28 U.S.C. § 2254, a petitioner must exhaust his remedies in state court. See 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." See O'Sullivan, 526 U.S. at 842. The petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

appellate review process." See id.  In this case, Brabham acknowledges that he has not challenged the legality of his detainer in state court, but he asserts that there are no available avenues to bring such a challenge.  (Doc. No. 1 at 3.)

Brabham is mistaken.  Pennsylvania law allows him to challenge the legality of his parole detainer through a petition for state habeas corpus relief.  See 42 Pa.C.S. § 6502; Commonwealth v. Diaz, 245 A.3d 1075 (Table), 2020 WL 7385809, at *6 (Pa. Super. 2020); see also, e.g., Ashford v. Briggs, No. 1:20-cv-01118, 2020 WL 5548716, at *3 (M.D. Pa. Sept. 16, 2020) (Kane, J.) (dismissing habeas corpus petition challenging probation detainer for failure to exhaust state court remedies).  By his own admission, Brabham has failed to take such a step.  (Doc. No. 1 at 3.)  The Court will accordingly dismiss the petition without prejudice for Brabham's failure to exhaust state court remedies.

## V. CONCLUSION

For the foregoing reasons, Brabham's petition for writ of habeas corpus will be dismissed without prejudice for failure to exhaust state court remedies.  A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appropriate Order follows.